# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**IASIA EBONY OWENS,**

    **Plaintiff,**

**v.**                                         Case No: 8:21-cv-320-MSS-CPT

**DISCOVER FINANCIAL SERVICES,**

    **Defendant.**

## ORDER OF DISMISSAL WITHOUT PREJUDICE

**THIS CAUSE** comes before the Court for consideration of Plaintiff's Motion to Dismiss Without Prejudice. (Dkt. 15) Therein, Plaintiff notifies the Court that she seeks to voluntarily dismiss this action without prejudice. (Id.)

Generally, a plaintiff may dismiss an action without a court order by filing a notice at any time before the opposing party has served an answer or moved for summary judgment or by filing a stipulation of dismissal signed by all parties who have appeared. Fed. R. Civ. P. 41(a)(1)(A). Otherwise, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). The Eleventh Circuit has established that the "district court enjoys broad discretion in determining whether to allow a voluntary dismissal under Rule 41(a)(2)." Pontenberg v. Bos. Sci. Corp., 252 F.3d 1253, 1255 (11th Cir. 2001).

Plaintiff has not filed a notice or stipulation of dismissal. Instead, Plaintiff filed a motion for dismissal, thereby suggesting that she intends to invoke Rule 41(a)(2). (Dkt. 15) Nevertheless, because the requirements of Rule 41(a)(1)(A) appear to be met, the Court will construe Plaintiff's motion as a notice of dismissal. The record reveals that Defendant has filed a motion to dismiss Plaintiff's Amended Complaint for failure to state a claim upon which relief may be granted. (Dkt. 14) However, the filing of a motion to dismiss does not prevent Plaintiff from voluntarily dismissing her claims pursuant to Rule 41(a)(1)(A)(i). See PTA-FLA, Inc. v. ZTE USA, Inc., 844 F.3d 1299, 1307 (11th Cir. 2016) ("According to the plain text of Rule 41(a)(1)(A)(i), only the filing of an answer or a motion for summary judgment, terminates a plaintiff's ability to voluntarily dismiss its claims without a court order."); West v. Am. Fresh Foods, L.P., No. 7:10-cv-81(HL), 2011 WL 63563, at * 1 (M.D. Ga. Jan. 4, 2011) (noting that "courts have found that the filing of a motion to dismiss for failure to state a claim does not affect a plaintiff's right to voluntarily dismiss his case") (collecting cases). Moreover, a notice of dismissal under Rule 41(a)(1)(A)(i) is effective immediately upon filing and no subsequent court order is required. Matthews v. Gaither, 902 F.2d 877, 880 (11th Cir. 1990).

Accordingly, pursuant to Rule 41(a)(1)(A)(i), this action is **DISMISSED WITHOUT PREJUDICE**. Any pending motions are **DENIED** as moot and the Clerk is directed to **CLOSE** this case.

**DONE and ORDERED** at Tampa, Florida this 1st day of July 2021.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record
Any Unrepresented Party